## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-80196-BLOOM/Reinhart

MARTIN E. O'BOYLE, *et al.*,

     Plaintiffs

v.

TOWN OF GULF STREAM, *et al.*,

     Defendants.

_____/

## ORDER ON MOTION TO STAY

**THIS CAUSE** is before the Court upon Plaintiffs' Renewed Motion to Stay Proceedings, ECF No. [20] ("Motion"). Defendants filed a joint response in opposition, ECF No. [21] ("Response"). The Court has considered the Motion, the Response, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth, the Motion is denied.

### I.  BACKGROUND

Plaintiffs initiated the instant lawsuit on February 8, 2019, ECF No. [1], and filed an Amended Complaint on February 11, 2019 asserting claims for First Amendment retaliation under 42 U.S.C. § 1983 (Count I) and Florida state law claims for malicious prosecution (Count II) and abuse of process (Count III). ECF No. [4]. On May 17, 2019, the parties jointly moved to stay the proceedings pending a ruling by the Eleventh Circuit Court of Appeals in the related case of *DeMartini v. Town of Gulf Stream & Wantman Group, Inc.*, 17-14177 (11th Cir.), ECF No. [11] ("Initial Motion"). In the Initial Motion, the parties represented that the then-pending *DeMartini* lawsuit involved comparable First Amendment retaliation and malicious prosecution claims based on the same retaliatory conduct alleged in the instant case. *See id.* Specifically, the parties noted

that "[c]entral issues in both cases are whether the lack of probable cause is an essential element of a First Amendment retaliation case based on a RICO lawsuit, and whether on the facts of these cases there was probable cause to file the RICO lawsuit." *Id.* They further represented that *DeMartini*'s outcome "will have a probative impact on this case" and "will likely impact the outcome of this Lawsuit," and the parties urged the Court to "allow the Eleventh Circuit to rule on the issue before this case proceeds." *Id.*

On May 17, 2020, the Court granted the Initial Motion and ruled that the case was stayed until the *DeMartini* appeal was resolved. *See* ECF No. [13]. Plaintiffs were also directed to file a status report within fourteen days of the Eleventh Circuit's ruling in *DeMartini*. *Id.* On December 5, 2019, Plaintiffs filed their first status report, ECF No. [17], informing the Court that the Eleventh Circuit had issued an opinion in the *DeMartini* case on November 21, 2019. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019) ("*DeMartini* Decision"). The *DeMartini* Decision affirmed another district court's grant of summary judgment in favor of Defendants on the First Amendment retaliation claim and the malicious prosecution claim. *See id.* In the status report, Plaintiffs represented that the period for requesting rehearing in *DeMartini* was still pending and that the Eleventh Circuit had not yet issued its mandate. ECF No. [17]. Plaintiffs then requested that the stay be extended because the appellant in *DeMartini* intended to file a petition for panel rehearing and rehearing *en banc*, and the deadline for the petition was December 12, 2019. *Id.*

On December 6, 2019, the Court entered an Order finding "good cause warranting the brief extension of the stay in this action" until the Eleventh Circuit issued the mandate in the *DeMartini* appeal. ECF No.  [18]. The Court again directed Plaintiffs to file a status report within fourteen days of the Eleventh Circuit's issuance of its mandate in *DeMartini*. *Id.* On March 11, 2020,

Plaintiffs filed their second status report, ECF No. [19], informing the Court that the Eleventh Circuit issued its mandate on February 26, 2020. *Id.* In the status report, Plaintiffs represented that the appellant in *DeMartini* intends to file a petition for writ of certiorari in the United States Supreme Court on the issue of whether the absence of probable cause is an element of a First Amendment retaliation claim involving a civil lawsuit by the government against a citizen. *Id.* According to Plaintiffs, this question "is one of first impression and is potentially the next case in a line of Supreme Court precedent addressing the role of probable cause in First Amendment retaliation claims." *Id.*

On March 11, 2020, Plaintiffs filed the instant Motion, ECF No. [20]. Plaintiffs request that the Court extend the stay in the present lawsuit pending the anticipated filing and disposition of a Petition for Writ of Certiorari in the United States Supreme Court by the appellant in *DeMartini*.[1] *Id.* Plaintiffs characterize the stay as "limited" and justify it on the basis that "at least one Supreme Court Justice has signaled the Court is ready to address" the issue. *Id.* at 1. They add that the interests of judicial economy and preventing inconsistent rulings support a stay. *Id.* Plaintiffs acknowledge that the Supreme Court "grants a limited number of petitions every year," *id.* at 4, but in their impression, "the *DeMartini* case presents a timely, novel, and substantial question for review." *Id.*

Defendants respond that the *DeMartini* Decision is now binding law and that "Plaintiffs' expression of hope that the Supreme Court may someday change federal law in Denise DeMartini's favor (and by implication, change federal law in favor of the Plaintiffs) is not a proper foundation for the entry of a stay." *See* ECF No. [21] at 1-2. They argue that "given the absence

---

[1] Plaintiffs represent that April 28, 2020 is the deadline to file the certiorari petition in *DeMartini*. ECF No. [20] at 5.

of any conflicting views (within the Eleventh Circuit, among the circuit courts of appeal, or between state and federal courts), the Plaintiffs' desire to benefit from a remote possibility that the law will change is outweighed by the Defendants' entitlement to be free from the very kind of ongoing litigation which was discussed at length in the *DeMartini* opinion." *Id.* at 4.

The Motion, accordingly, is ripe for consideration.

## II.   LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  A court may grant a stay to "promote judicial economy, reduce confusion and prejudice, and prevent possible inconsistent resolutions."  *Axa Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F.Supp.2d 1330, 1346 (S.D. Fla. 2009). A district court may stay a case pending the resolution of a related case before a different court under a variety of circumstances. *Ortega Trujillo v. Conover & Co. Commc'ns,* 221 F.3d 1262, 1264 (11th Cir. 2000). For example, "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Id.* (citing *Clinton*, 520 U.S. 681). District courts may consider "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." *Owens-Benniefield v. Nationstar Mortg. LLC*, No. 8:17-CV-540-T-33TGW, 2017 WL 1426720, at *2 (M.D. Fla. Apr. 21, 2017).

If a district court, in its discretion, stays a case pending the resolution of related proceedings in another forum, "the district court must limit properly the scope of the stay." *Id.* Critically, "a stay must not be 'immoderate.'" *Id.* (quoting *CTI–Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982)). To determine whether a stay is "immoderate," the

Court must consider the scope of the stay, including its potential duration. *Id.* (citing *Hines v. D'Artois,* 531 F.2d 726, 733 (5th Cir. 1976)). "A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. North American Co.*, 299 U.S. 248 (1936). The "proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

### III.    DISCUSSION

This lawsuit has been stayed for nearly one year. The Court agreed that a stay was initially appropriate pending the resolution of the *DeMartini* appeal. *See* ECF No. [13]. The Court then extended the stay finding "good cause" for a "brief extension" pending potential rehearing in *DeMartini* and the issuance of the mandate by the Eleventh Circuit. *See id.* at ECF No. [13]. Since then, the mandate has issued and the *DeMartini* Decision is now binding law. *See Gissendaner v. Comm'r, Ga. Dep't of Corrections*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits."). "[G]rants of certiorari do not themselves change the law, [and] they must not be used by courts of this circuit as a basis for granting a stay of execution that would otherwise be denied." *Id.* (quoting *Schwab v. Sec., Dep't of Corrections*, 507 F.3d 1297, 1298 (11th Cir. 2007)). "*Schwab* is the latest in a long line of cases refusing to assign precedential significance to grants of certiorari." *Id.*

Plaintiffs have not demonstrated that the *DeMartini* Decision is inconsistent with other Eleventh Circuit precedent or in conflict with authorities from other federal circuits such that there is a substantial likelihood that the Supreme Court will take that opinion up for review. The interests of judicial economy and prejudice do not militate in Plaintiffs' favor. This lawsuit was initiated in

Case No. 19-cv-80196-BLOOM/Reinhart

February 2019. Since then, no motions or answers have been filed to the pending Amended Complaint and a fair and efficient resolution of the case has been held in abeyance. Moreover, as Defendants point out, "no activity before the United States Supreme Court will benefit the Plaintiffs with respect to [Defendant] Wantman" and activity by the Supreme Court "will not affect the state law claims directed against the Town in Count III." ECF No. [21] at 7. Therefore, any benefit to Plaintiffs by maintaining a stay is limited and outweighed by the prejudice to Defendants.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [20]**, is **DENIED**. The stay is lifted, and the case is reopened. Plaintiffs may file a Second Amended Complaint **by April 17, 2020**. Should Plaintiffs decide not to file a Second Amended Complaint, then the Defendants shall file their Response to the Plaintiffs' Amended Complaint by **April 28, 2020.** The parties shall prepare and file a joint scheduling report, as required by Local Rule 16.1, by **May 1, 2020**. *See* ECF No. [3].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of March, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

6